UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-228-RJC-DSC

| | |
|---|---|
| C.A., a minor, by and through his Guardian *ad Litem* TIFFANY SCOTT, K.G., a minor, by and through his Guardian *ad Litem* TIFFANY SCOTT, and K.M., a minor, by and through his Guardian *ad Litem* HOLDEN CLARK, <br><br> Plaintiffs, <br><br> vs. <br><br> GASTON COUNTY BOARD OF EDUCATION, and PENNY POPE BAKER, individually and in her official Capacity as an Employee of Gaston County Board of Education, <br><br> Defendants. | ORDER |

**THIS MATTER** comes before the Court on Defendant Gaston County Board of Education's ("GCBE") Motion to Dismiss, (Doc. No. 12), Defendant Gaston County's Memorandum in Support, (Doc. No. 13), Plaintiffs' Response, (Doc. No. 18), Defendant GCBE's Reply, (Doc. No. 19), Defendant Penny Pope Barker's ("Barker") Motion to Dismiss, (Doc. No. 14), Defendant Barker's Memorandum in Support, (Doc. No. 15), Plaintiffs' Response, (Doc. No. 17), Defendant Barker's Reply, (Doc. No. 20), the Magistrate Judge's Memorandum and Recommendation ("M&R") recommending that this Court grant in part and deny in part the two motions, (Doc. No. 23), and Defendant GCBE's Objection to the M&R, (Doc. No. 24).

1

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. LEGAL STANDARD

The district court has authority to assign non-dispositive pretrial matters pending before the Court to a magistrate judge to "hear and determine." 28 U.S.C. § 636(b)(1)(A). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct a court to a specific error in the recommendations. Orpiano v. Johnson, 687 F.2d 44 (4th Cir. 1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 178 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly, this Court has conducted a review of the Magistrate Judge's M&R.

## III. DISCUSSION

A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. See Thomas v. Arn, 474 U.S. 140, 149–50 (1985). Defendant GCBE has filed the only objection to the M&R, and objects only to the portions of the M&R that recommend denying its motion to dismiss Plaintiffs' punitive damages claims against Defendant GCBE. (Doc. No. 24.) No other

objection to the M&R having been filed, and the time for doing so having passed, the parties have waived their right to *de novo* review of any other issue covered in the M&R. This Court has reviewed the record and filings, and finding no error, will adopt as its own opinion the portions of the M&R to which there were no objections. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

The Court will now turn to the area in which there was an objection: the viability of Plaintiffs' punitive damages claims. Defendant GCBE originally argued that punitive damages may not be awarded against a board of education in North Carolina, citing Ripellino v. N.C. Sch. Bds. Assoc., 158 N.C. App. 423, 431, 581 S.E.2d 88, 94 (2003), Sides v. Cabarrus Memorial Hosp., Inc., 22 N.C. App. 117, 120, 205 S.E.2d 784, 787, modified on other grounds, 287 N.C. 14, 213 S.E.2d 297 (1974), and Newport v. Facts Concerts, 453 U.S. 247, 271 (1981). (Doc. No. 19 at 13.) In reply, Plaintiffs argued that while boards of education are usually immune, immunity can be waived by the purchase of liability insurance, citing Davis v. Blanchard, 175 F. Supp. 3d 581 (M.D.N.C. 2016) and Magana v. Charlotte–Mecklenburg Board of Education, 183 N.C. App. 146, 645 S.E.2d 91 (2007). (Doc. No. 18 at 9.) Plaintiffs stated that Defendant GCBE had waived immunity by purchasing liability insurance in this case. (Id. at 10.) Defendant GCBE responded that insurance coverage does not affect the prohibition against punitive damages being levied against school boards in North Carolina, and argued that Plaintiffs have pointed to no statute allowing such punitive damages. (Doc. No. 19 at 4.)

Reviewing this issue, the Magistrate Judge stated that while sovereign immunity typically protects a school board from punitive damages, there is an

3

exception under which sovereign immunity is waived by the purchase of liability insurance. (Doc. No. 23 at 11.) The Magistrate Judge cited North Carolina general statute § 115C–42 as providing that governmental "immunity shall be deemed to have been waived by the act of obtaining [liability] insurance, but such immunity is waived only to the extent that said board of education is indemnified by insurance for such negligence or tort." N.C. Gen. Stat. § 115C–42 (2005). The Magistrate Judge explained that under this statute, the Davis court allowed claims for punitive damages against a board of education to move forward when Plaintiff alleged that there had been a waiver, and the Board had waived immunity to the extent of its insurance coverage. (Doc. No. 23 at 11, citing Davis, 175 F. Supp. 3d at 599-601). Because Plaintiffs here allege that Defendant GCBE has waived its ability to assert immunity by purchasing liability insurance, the Magistrate Judge recommended that the Court deny Defendant's attempt to dismiss the punitive damages claims at this stage. (Id. at 12).

Defendant GCBE disagrees. Defendant argues that Magana did not deal with punitive damages claims, and that the Davis court applied "cursory attention" to the punitive damages issue. (Doc. No. 24 at 5). Defendant points to Harrison v. Chalmers, 551 F. Supp. 2d 432, 437 (M.D.N.C. 2008), which draws a distinction between statutes that merely provide for punitive damages and those that remove governmental immunity for those damages, the latter of which Plaintiffs have failed to show exists here. (Doc. No. 24 at 6). GCBE argues that the statute examined by the Harrison court is similar to the statute in this case, and that because the statute does not explicitly allow waiver of immunity against punitive damages, the precedent in Harrison suggests that the statute in this case should not be read to do

4

so. (Id. at 6–7).

"The State and its agencies have traditionally enjoyed complete immunity from being sued in court. Smith v. State, 289 N.C. 303, 309–10, 222 S.E.2d 412, 417 (1976). With respect to immunity, a county board of education is a governmental agency, and is therefore not liable in a tort or negligence action except to the extent that it has waived its governmental immunity pursuant to statutory authority. Beatty v. Charlotte–Mecklenburg Bd. of Educ., 99 N.C. App. 753, 755, 394 S.E.2d 242, 244 (1990). However, a board of education may waive this immunity by purchasing liability insurance. See N.C. Gen. Stat § 115C–42 (2005)." Magana, 183 N.C. App. at 147–48. If it is waived at all, however, the board's sovereign immunity can be "waived only to the extent that said board of education is indemnified by insurance for such negligence or tort." N.C. Gen. Stat. § 115C–42. Furthermore, there is generally a "presumption against imposition of punitive damages on governmental entities." Vt. Agency of Nat. Res. v. United States, 529 U.S. 765, 784 (2000).

In Magana, a North Carolina Court of Appeals examined a case in which Plaintiff sought compensatory and punitive damages against the Board of Education, which in turn attempted to dismiss the claims based on sovereign immunity. Magana, 183 N.C. App. at 147. That court did not differentiate the two types of damage in its analysis; instead, it found that North Carolina law allowed a board of education to waive sovereign immunity as to all damages in the case. Id. at 148–149. In interpreting N.C. Gen. Stat § 115C–42, the North Carolina Court of Appeals ruled that the board of education could waive sovereign immunity under the statute by purchasing liability insurance, though ultimately dismissed both

5

compensatory and punitive damages in the case on other grounds. Id.

Here, Plaintiffs and Defendant GCBE point to two different Middle District of North Carolina cases that reach opposite conclusions regarding the availability of punitive damages against North Carolina boards of education. Davis, the case cited by Plaintiffs, held that N.C. Gen. Stat. § 115C–42 allows Plaintiffs to sue North Carolina boards of education if the board in question has purchased a liability insurance policy that would be applicable to the punitive damages sought. Davis, 175 F. Supp. 3d at 601. Meanwhile Harrison, the case cited by Defendant GCBE, held that a similar statute[1] did not waive governmental immunity against punitive damages, because in order to do so, such a statute must explicitly mention punitive damages before allowing waiver of immunity against them. Harrison, 551 F. Supp. 2d at 437. Neither that statute nor the one at issue here explicitly address punitive damages, and therefore Defendant argues under the logic of Harrison that § 115C–42 does not waive governmental immunity over punitive damages either.

Defendant's argument is well taken. The Court is persuaded that the North Carolina Supreme Court in Long v City of Charlotte, 306 N.C. 187 (1982),[2] held that municipalities are immune from punitive damage claims under the common law "in the absence of statutory provision to the contrary." Harrison, 551 F. Supp 2d at 437 (quoting Jackson v Housing Authority of City of High Point, 316 N.C. 259, 263 (1986)). To abrogate the common law, a statutory provision must do more than

---

[1] At issue in that case was N.C. Gen. Stat. § 160A–485.
[2] Long was superseded on separate grounds by a statute, Act of July 10, 1981, ch. 919, sec. 28, 1981 N.C. Sess. Laws 1382, 1402, as described in Kirby v. N. Carolina Dep't of Transportation, 368 N.C. 847, 853, 786 S.E.2d 919, 924 (2016). The governmental immunity holding in Long was not superseded.

merely provide for punitive damages; it must explicitly remove governmental immunity for those damages. Jackson, 316 N.C. at 263.

Here no statute explicitly removes defendant's immunity from punitive damages. Rather the only statute cited, North Carolina general statute § 115C–42, provides only that governmental immunity shall be deemed to have been waived by the act of obtaining liability insurance, but such immunity is waived only to the extent that the municipality is indemnified by insurance for such negligence or tort. N.C. Gen. Stat. § 115C–42 (2005). Punitive damages are neither negligence or tort. There has been no explicit statutory waiver. Punitive damages may not be recovered.

## IV. CONCLUSION

Regarding the aspects of the M&R to which no party objected, the Court has conducted an independent review of the M&R and record and concludes that those findings and conclusions of the M&R are correct and in accordance with law. Regarding the portion of the M&R to which Defendant filed an objection, following an independent review of the M&R, Defendant's Objection thereto, and a de novo review of the record, the Court grants Defendant's objection and concludes that punitive damages are not recoverable.

**IT IS THEREFORE ORDERED** that:

1. The Magistrate Judge's Memorandum and Recommendation, (Doc. No. 23), is **ADOPTED** in part;
2. Defendant Gaston County Board of Education's Motion to Dismiss, (Doc. No. 12), is **GRANTED in part and DENIED in part**;
    a. The Motion is **GRANTED** as to Plaintiffs' claims under Article I,

7

Case 3:20-cv-00228-RJC-DSC   Document 25   Filed 03/31/21   Page 7 of 8

Sections 15 and 19 of the North Carolina Constitution. These claims are **DISMISSED with prejudice**.

   b. The Motion is **GRANTED** as to punitive damages.

   c. The Motion is **DENIED in all other respects**.

3. Defendant Penny Pope Barker's Motion to Dismiss, (Doc. No. 14), is **GRANTED in part and DENIED in part**;

   a. The Motion is **GRANTED** as to Plaintiffs' claims under Article I, Sections 15 and 19 of the North Carolina Constitution. These claims are **DISMISSED with prejudice**.

   b. The Motion is **DENIED in all other respects**.

**SO ORDERED.**

Signed: March 31, 2021

_____
Robert J. Conrad, Jr.
United States District Judge