| | |
|---|---|
| C. A., a minor, by and through his Guardian ad Litem TIFFANY SCOTT, <br><br>And<br><br> K. G., a minor, by and through his Guardian ad Litem TIFFANY SCOTT,<br><br>And<br><br>K. M., a minor, by and through his Guardian ad Litem HOLDEN CLARK,<br><br>Plaintiffs,<br><br>v.<br><br>GASTON COUNTY BOARD OF EDUCATION, and PENNY POPE BARKER, Individually, and in her official capacity as an Employee of Gaston County Board of Education,<br><br>Defendants. | **ORDER GRANTING PLAINTIFFS' MOTION FOR PROTECTIVE ORDER FOR RELEASE OF CRIMINAL INVESTIGATIVE FILE** |

**THIS MATTER** is before the Court on Plaintiffs' "Motion for Protective Order for Release of Criminal Investigative File" (document #36) as well as the parties briefs and exhibits. The Motion is brought pursuant to North Carolina General Statutes §132-1.4 and §132-1.4A and seeks the release and production of the criminal investigative file created by the Cramerton Police Department while investigating the criminal conduct of Defendant Penny Pope Barker.

1. The Plaintiffs have requested the Police Department to release records of criminal investigations, body-worn camera recordings, and recordings related to Case Numbers 17-CR-053252 and 17-CR-053253 solely for litigation purposes related to the above-captioned civil action.

2. The records of criminal investigations, body-worn camera recordings, and recordings of the Police Department are defined by North Carolina General Statutes §132-1.4(b)(1) and §132-1.4A(a)(1) and (6) and are subject to disclosure pursuant only to court order as authorized by N.C. General Statutes §132-1.4(a) and §132-1.4(A)(g). This Order and N.C. General Statutes

1

§132-1.4 and §132-1.4A govern the handling and disclosure of all records of criminal investigations, body-worn camera recordings, and recordings released by the Police Department.

3. The Plaintiffs and Police Department previously entered into a Consent Protective Order related to the subject criminal investigative file that was signed by a Gaston County Superior Judge on June 3, 2020. Thereafter, the contents of the criminal investigative file were provided to Plaintiffs' counsel and Plaintiffs' counsel subsequently provided those contents to defense counsel during the discovery process of this matter.

4. The criminal proceedings related to the captioned civil action were concluded prior to the filing of this motion for protective order as well as prior to the issuance of the Gaston County Superior Court's Order authorizing the release of the subject investigative file, and both Plaintiffs' counsel and the Police Department, as indicated within the Consent Order signed by the Gaston County Superior Court, believes that the standards outlined within §132-1.4A(g) militate in favor of producing the requested records of criminal investigations, body-worn camera recordings, and recordings to Plaintiffs' counsel of record.

5. Within the Consent Order previously executed by Plaintiff and the Cramerton Police Department, Plaintiffs and the Cramerton Police Department have agreed that the records of criminal investigations, body-worn camera recordings, and recordings which the Plaintiffs have requested the Police Department to release contain confidential information. As such, all Documents and/or records and recordings released to Plaintiffs subject to this protective order *are deemed and designated Confidential*. In the event any designating party produces Confidential Information that has not been designated "Confidential" or not correctly designated, the producing party may designate or redesignate the information to the same extent as it may have designated the information before production, by a subsequent notice in writing specifically identifying the redesignated information, in which event the parties shall henceforth treat such information in accord with the Protective Order, and shall undertake their best efforts to correct any disclosure of such information contrary to the redesignation. No demonstration or proof of error, inadvertence, or excusable neglect by the designating party shall be required for such designation.

6. All material designated "Confidential" that is inspected or received by counsel for any party pursuant to litigation or discovery shall be retained by counsel for the receiving party and shall not be disclosed to anyone other than:

    (a) counsel for the parties engaged in conducting this litigation and their clerical, secretarial, and paralegal personnel;
    (b) experts or consultants retained by the parties to assist them in the preparation or defense of this civil action;
    (c) the parties in this civil action;
    (d) the Court, regularly employed staff of the Court, and jury in this civil action; and,
    (e) any other person as to whom the parties agree pursuant to a court order.

7. No person shall disclose any material designated or marked "Confidential" except as provided in this Order, without order of the Court or written consent from counsel for the designating party.

8. No person shall make use of any materials designated or marked "Confidential" other than in preparation for and at trial or other hearing, without order of the Court or written consent from counsel for the designated party.

9. In the event a party disagrees with the claim of confidentiality, the objecting party may apply to the Court for an order to make the material available without restrictions.

10. Any material designated or marked "Confidential" filed or submitted in this case shall be filed in a sealed envelope bearing suitable identification and should not be available to persons other than as authorized herein.

11. During the course of litigation, any and all material designated or marked "Confidential," including copies thereof and any extracts, summaries, compilations, notes, charts or graphs taken therefrom, shall be retained by the receiving party's counsel and maintained at that counsel's office. Counsel for the receiving party shall not permit any materials designated or marked "Confidential," whatever their form, to be removed or transmitted from the receiving party's counsel's office except for transporting such material to a hearing before the Court, deposition, settlement conference, or as the parties may otherwise agree.

12. Each person who receives documents and records pursuant to this Court Order submits him or herself to the personal jurisdiction of the Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

13. Plaintiffs shall pay for the costs associated with the Police Department's release of the recordings disclosed pursuant to this Court Order.

**IT APPEARING TO THE COURT** that the disclosure of the records of criminal investigations, body-worn camera recordings, and recordings described herein is proper and necessary for the efficient administration of justice and the standards articulated within §132-1.4A(g) militate in favor of producing the requested records of criminal investigations, body-worn camera recordings, and recordings to Plaintiffs' counsel of record, **IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Police Department, pursuant to N.C. General Statute §132-1.4 and §132-1.4A(g) shall release to Plaintiffs' counsel any and all records of criminal investigations, body-worn camera recordings, and recordings made related to Case Numbers 17-CR-053252 and 17-CR-053253 under the terms of this **PROTECTIVE ORDER**, and that this Order shall apply retroactively to the date this matter was removed to the United States District Court for the Western District of North Carolina, April 17, 2020.

**SO ORDERED**.   Signed: March 1, 2022

_____
David S. Cayer
United States Magistrate Judge